**JASON K. SINGLETON**, State Bar # 166170
jason@singletonlawgroup.com
**RICHARD E. GRABOWSKI**, State Bar # 236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
611 "L" Street, Suite "A"
Eureka, CA 95501
(707) 441-1177
FAX: 441-1533

Attorneys for Plaintiff, SYLVIA SMITH



### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

SYLVIA SMITH,

    Plaintiff,

v.

PLACO SAN BERNARDINO, LLC, a
Delaware Limited Liability
Company, dba CAROUSEL MALL,
and DOES ONE TO TEN, inclusive,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.

EDCV09-0891 SGL (OPx)

<u>Civil Rights</u>
**COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: DENIAL OF
CIVIL RIGHTS OF A DISABLED
PERSON IN VIOLATION OF THE
AMERICANS WITH DISABILITIES
ACT OF 1990; VIOLATION OF
CALIFORNIA'S CIVIL RIGHTS
STATUTES**

<u>**JURY TRIAL REQUESTED**</u>

Plaintiff **SYLVIA SMITH** complains of defendants **PLACO SAN BERNARDINO, LLC, dba CAROUSEL MALL; and DOES ONE TO TEN, inclusive,** and alleges as follows:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction of this action pursuant to 28 *USC* §1331 for violations of the *Americans with Disabilities Act of 1990*, (42 *USC* §12101, *et seq.*) Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of *California Health & Safety Code* §19955, *et seq.*, including *California Code of*

*Regulations,* Title 24, §19959, *California Civil Code* §§51, 51.5, 52(a), 52.1, 54, 54.1, 54.3 and 55.

2.     Venue is proper in this court pursuant to 28 *USC* §1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district, in San Bernardino, San Bernardino County, California, and that Plaintiff's causes of action arose in this district.

## INTRODUCTION

3.     The **CAROUSEL MALL** is located at 295 Carousel Mall, San Bernardino, California.   Said shopping center is owned and operated by defendants **PLACO SAN BERNARDINO, LLC,  and DOES ONE TO TEN, inclusive**.

4.     Defendants **PLACO SAN BERNARDINO, LLC, and DOES ONE TO TEN, inclusive,** operate an establishment for services to the public and at which Defendants failed to provide barrier free access to said establishment in conformity with both Federal and California legal requirements.   Further, Defendants failed to provide compliance as follows:

**Sidewalk**

a).     There is no accessible ramp connecting the sidewalk around the mall to the mall area in violation of California Title 24 §1127B.1, ADAAG 4.7.1, 4.3.2(1), 4.3.6, 4.5.1.

b).     The sidewalk accessing the mall is in bad repair and not accessible in violation of California Title 24 §1127B.1, 1133B.7.1, ADAAG 4.3.2(1), 4.3.6, 4.5.1.

**Parking**

c).     There is no tow-away sign at each of the entrances or easily visible from each complying parking space in violation of California Title 24 §1129B.5.

d).   The signage reserving the designated parking spaces does not include the $250 fine information in violation of California Title 24 §1129B.5

e).   The parking structure does not comply with the required head clearance required for accessibility in violation of California Title 24 §1130B, ADAAG 4.6.5.

**Exterior**

f).   The entrance doors are too heavy in violation of California Title 24 §1133B.2.5, ADAAG 4.13.11.

g).   The entrance doors are without the required International Symbol of Accessibility signage in violation of California Title 24 §1117B.5.8.1, ADAAG 4.30.7(1).

**North Entrance**

h).   The cutout curbs at the entrance and across the driveway from the north entry are without the required detectable warning surfaces in violation of California Title 24 §1127B.5(8), ADAAG 4.7.7.

i).   The slope of cutout curbs at the north entrance and across the driveway from the north entry exceed the maximum slope allowed in violation of California Title 24 §1127B.5(3), ADAAG 4.8.2*.

**Southeast Entrance**

j).   The cutout curb at the entrance is without the required detectable warning surfaces in violation of California Title 24 §1127B.5(8), ADAAG 4.7.7.

k).   The slope of cutout curb exceeds the maximum slope allowed in violation of California Title 24 §1127B.5(3), ADAAG 4.8.2*.

l).   The cutout curb is too narrow in violation of California Title 24 §1127B.5(2), ADAAG 4.7.3.

**Southwest Entrance**

m).   The cutout curb at the entrance is without the required detectable warning surfaces in violation of California Title 24 §1127B.5(8), ADAAG 4.7.7.

n).   The slope of cutout curb exceeds the maximum slope allowed in violation of California Title 24 §1127B.5(3), ADAAG 4.8.2*.

o).   The cutout curb is too narrow in violation of California Title 24 §1127B.5(2), ADAAG 4.7.3.

**North side**

p).   The cutout curb is without the required detectable warning surfaces in violation of California Title 24 §1127B.5(8), ADAAG 4.7.7.

q).   The slope of cutout curb exceeds the maximum slope allowed in violation of California Title 24 §1127B.5(3), ADAAG 4.8.2*.

**Stairs**

r).   All stairs in the parking structure and mall are without the required contrasting colored tread markings in violation of California Title 24 §1133B.4.4.

s).   Handrails on the stairs are too wide and do not have the required handrail extensions in violation of California Title 24 §1133B.4.2.6, 1113B.4.2.2 (Fig. 11B-35 and 11B-37), ADAAG 4.26.2, 4.9.4(2).

**Interior**

t).   The drinking fountain at the north entrance extends 18 inches into the accessible route of travel in violation of California Title 24 §1117B.1.2 (Fig. 11B-7A), ADAAG 4.4.1.

u). The drinking fountain at the west entrance extends 18 inches into the accessible route of travel in violation of California Title 24 §1117B.1.2 (Fig. 11B-7A), ADAAG 4.4.1.

v). The pay telephones near the southeast entrance are mounted incorrectly and protrude into the accessible route of travel in violation of California Title 24 §1117B.2.6 (Fig. 11B-4), ADAAG 4.4.1.

w). The fixed seating in the common area is not accessible in violation of California Title 24 §1122B.1, ADAAG 4.32, 4.1.3(18).

The above barriers interfered with Plaintiff's access and continue to deter Plaintiff from visiting said facilities, and as a legal result, Plaintiff, **SYLVIA SMITH**, suffers violation of her civil rights to full and equal enjoyment of goods, services, facilities and privileges, and has and will suffer embarrassment and humiliation.

## FACTUAL ALLEGATIONS

5. Plaintiff, **SYLVIA SMITH**, is, and at all times relevant to this Complaint is, a "physically handicapped person, "physically disabled person," and a "person with a disability," as these terms are used under California law and under federal laws including, but not limited to, Title III of the ***Americans with Disabilities Act of 1990***. (The terms "physically handicapped person," "physically disabled person," and a "person with a disability" will be used interchangeably throughout this Complaint.) Plaintiff is a "person with a disability," as defined by all applicable California and United State's laws. Plaintiff, **SYLVIA SMITH**, is severely limited in the use of her legs.

6. Defendants **PLACO SAN BERNARDINO, LLC, and DOES ONE TO TEN, inclusive,** at all times relevant herein were and are the owners and operators; lessors and/or lessees, franchisers and/or franchisees, of public facilities known as the "**CAROUSEL MALL**" located in San Bernardino, California, subject to the requirements of California state law requiring full and equal access to public facilities pursuant to ***California Health & Safety Code*** §19955, *et seq.*, ***California Civil Code***

§§51, 51.5, 52(a), 52.1, 54, 54.1, 54.3 and 55, and subject to Title III of the ***Americans with Disabilities Act of 1990***, and to all other legal requirements referred to in this Complaint.  Plaintiff does not know the relative responsibilities of defendants in the operation of the facilities herein complained of, and alleges a joint venture and common enterprise by all such defendants.

7.     Defendants **PLACO SAN BERNARDINO, LLC, and DOES ONE TO TEN, inclusive** (hereinafter alternatively referred to collectively as "defendants"), at all times relevant herein were and are owners, possessors, builders and keepers of the "**CAROUSEL MALL**" in San Bernardino, California.

8.     Defendants **PLACO SAN BERNARDINO, LLC, and DOES ONE TO TEN, inclusive** are the owners and operators of the subject "**CAROUSEL MALL**" at all times relevant to this Complaint.  Plaintiff is informed and believes that each of the defendants herein is the agent, employee or representative of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other defendants in legally causing the damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

9.     Plaintiff, **SYLVIA SMITH**, does not know the true names and capacities of defendants **PLACO SAN BERNARDINO, LLC, and DOES ONE TO TEN, inclusive**, their business capacities, their ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such defendants.  Plaintiff is informed and believes that each of the defendants herein, including **DOES ONE TO TEN, inclusive**, is the agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, with the authorization, consent, permission or

ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.  Plaintiff will seek leave to amend this Complaint when the true names, capacities, connections and responsibilities of defendants **PLACO SAN BERNARDINO, LLC, and DOES ONE TO TEN, inclusive**, are ascertained.

10.  Plaintiff is informed and believes that all named defendants, including **DOES ONE TO TEN, inclusive**, conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

11.  Defendants **PLACO SAN BERNARDINO, LLC, and DOES ONE TO TEN, inclusive**, are the owners and operators of "**CAROUSEL MALL**" located in San Bernardino, California.  This shopping center, including, but not limited to, parking spaces and access aisles and access routes, are each a part of a "public accommodation or facility" subject to the requirements of ***California Health & Safety Code*** §19955, *et seq.*, and of ***California Civil Code*** §§51, 52(a), 54, 54.1, *et seq.*  On information and belief, this "**CAROUSEL MALL**" was constructed after 1990 which has subjected the "**CAROUSEL MALL**" to handicapped access requirements per ***California Health & Safety Code*** §19959, and applicable portions of ***California Code of Regulations***, Title 24, (the State Building Code).

12.  On or about February 9, 2009, Plaintiff, **SYLVIA SMITH**, visited the "**CAROUSEL MALL**" in San Bernardino, California, for the purpose of shopping. Defendants **PLACO SAN BERNARDINO, LLC, and DOES ONE TO TEN, inclusive**, interfered with Plaintiff's access to the "**CAROUSEL MALL**" as set forth in Paragraph 4 above.

Said acts and omissions denied Plaintiff legal handicapped access to the "**CAROUSEL MALL**" according to federal and state law.

13.  Plaintiff's home, in San Bernardino, California, is approximately .5 miles

from the "**CAROUSEL MALL,**" in San Bernardino, California.   Plaintiff travels regularly to that section of San Bernardino  for pleasure and/or business.  Plaintiff intends to return to "**CAROUSEL MALL**" in San Bernardino, California, when this public accommodation is made accessible.

14.   Plaintiff encountered and/or is informed and believes that the following architectural barriers, which violate the requirements of the *California Code of Regulations* Title 24 and *ADAAG*, existed and continue to exist thereby denying Plaintiff and those similarly situated full and equal access to the subject public facility as set forth in Paragraph 4 above.

15.   Defendants, and each of them, discriminated against Plaintiff, **SYLVIA SMITH**, on the basis of her disability, and interfered with her access to the "**CAROUSEL MALL**" establishment, in violation of both California law including, but not limited to, *California Civil Code* §§51, 51.5, 54, 54.1, and a violation of Title III, §302, the "Prohibition of Discrimination" provision and §503, the "Prohibition Against Retaliation or Coercion" provision of the *Americans with Disabilities Act of 1990*.

16.   As a result of the actions and failure to act of defendants, and each of them, and as a result of the failure to provide appropriate accessible parking, proper signage, proper accessible entryways, and accessible accommodations, Plaintiff, **SYLVIA SMITH**, suffered and will suffer a loss of her civil rights to full and equal access to public facilities, and further suffered and will suffer emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with a disability being denied access to a public accommodation, all to her damages as prayed hereinafter in an amount within the jurisdiction of this court.

I.   **FIRST CAUSE OF ACTION:**
VIOLATION OF *THE AMERICANS WITH DISABILITIES ACT OF 1990*
(42 *USC* §12101 *et seq.*)

17.   Plaintiff repleads and incorporates by reference, as if fully set forth again

herein, the allegations contained in paragraphs 1 through 16 of this Complaint and incorporates them herein as if separately repled.

18.   Pursuant to law, in 1990 the United States Congress made findings per 42 *USC* §12101 regarding persons with disabilities, finding that laws were needed to more fully protect 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

19.   Congress stated as its purpose in passing the ***Americans with Disabilities Act of 1990*** (42 *USC* §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

20.   As part of the ***Americans with Disabilities Act of 1990***, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 *USC* §12181, *et seq*.).   Among the public

accommodations identified for purposes of this title were "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;"

21.    Pursuant to 42 *USC* §12182:

"No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

22.    Among the general prohibitions against discrimination were included in 42 *USC* §12182(b)(1)(A)(i):

**Denial of participation**.   It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

23.    Among the general prohibitions against discrimination were included in 42 *USC* §12182(b)(1)(E):

**Association** -- It shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.

The acts of defendants set forth herein were a violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 *CFR* Part 36, et seq.

24.     Among the general prohibitions against discrimination were included in 42 *USC* §12182(b)(2)(A)(i) and 42 *USC* §12182(b)(2)(A)(ii):

**Discrimination.**   For purposes of subsection (a), discrimination includes -

(i)   the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)   a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

25.   Plaintiff alleges that constructing the eligibility requirements, policies, practices and procedure for entry to the "**CAROUSEL MALL**" facility by persons with disabilities and their companions as established by the defendants can be simply modified to eliminate disparate and discriminatory treatment of persons with disabilities by properly constructing barrier free access for safe and full and equal enjoyment of the "**CAROUSEL MALL**" as that enjoyed by other people.

26.   The specific prohibition against retaliation and coercion is included in the *Americans With Disabilities Act of 1990* §503(b) and the *Remedies and Procedures* in §503(c):

(b)   Interference, Coercion, or Intimidation.  - It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this Act.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    -11-

1        (c)    Remedies and Procedure. - The remedies and procedures

2    available under sections 107, 203, and 308 of this Act shall be available to

3    aggrieved persons for violations of subsections (a) and (b), with respect to

4    Title I, Title II and Title III, respectively.

5        27.    Among the specific prohibitions against discrimination were included, in 42

6    *USC* §12182(b)(2)(a)(iv), "A failure to remove architectural barriers, and

7    communications barriers that are structural in nature, in existing facilities…where such

8    removal is readily achievable;" and (v) "where and entity can demonstrate that the

9    removal of a barrier under clause (iv) is not readily achievable, a failure to make such

10   goods, services, facilities, privileges, advantages, or accommodations available through

11   alternative methods if such methods are readily achievable."  The acts of Defendants set

12   forth herein were a violations of Plaintiff's rights under the "ADA," Public Law 101-336,

13   and the regulations promulgated thereunder, 28 *CFR* Part 36, *et seq*.

14       28.    The removal of the barriers complained of by Plaintiff as hereinabove

15   alleged were at all times after 1990 "readily achievable."  On information and belief, if

16   the removal of all the barriers complained of here together were not "readily achievable,"

17   the removal of each individual barrier complained of herein was "readily achievable."

18       29.    Per 42 *USC* §12181(9), "The term 'readily achievable' means easily

19   accomplishable and able to be carried out without much difficulty or expense."  The

20   statute and attendant regulations define relative "expense" in relation to the total financial

21   resources of the entities involved, including any "parent" companies.  Plaintiff alleges

22   that properly repairing each of the items that Plaintiff complains of herein is readily

23   achievable, including, but not limited to, correcting and repairing the items set forth in

24   Paragraph 4 above.

25       The changes needed to remove barriers to access for the disabled were and are

26   "readily achievable" by the defendants under standards set forth under 42 *USC* §12181 of

27   the ***Americans with Disabilities Act of 1990***.  (Further, if it was not "readily achievable"

28   for defendants to remove all such barriers, defendants have failed to make the required

1  services available through alternative methods, although such methods are achievable as

2  required by 42 *USC* §12181(b)(2)(a)(iv), (v).)

3        30.   Pursuant to the ***Americans with Disabilities Act of 1990***, §308 (42

4  *USC* §12188 *et seq*.), Plaintiff is entitled to the remedies and procedures set forth in the

5  ***Civil Rights Act of 1964*** §204(a), (42 *USC* §2000a-3(a)), as Plaintiff is being subjected to

6  discrimination on the basis of disability in violation of this title and/or Plaintiff has

7  reasonable grounds for believing that she is about to be subjected to discrimination in

8  violation of ***Americans With Disabilities Act of 1990*** §302.  Plaintiff cannot return to or

9  make use of the public facilities complained of herein for the purpose of entry and

10  provision of goods and service so long as defendants continue to apply eligibility criteria,

11  policies, practices and procedures to screen out and refuse to allow entry and service to

12  persons with disabilities such as Plaintiff's.

13        31.   Defendants', and each of their acts and omissions of failing to provide

14  barrier free handicapped access for Plaintiff, were tantamount to interference, coercion or

15  intimidation pursuant to ***Americans With Disabilities Act of 1990***  §503(b) (now 42 *USC*

16  §12203):

17         It shall be unlawful to coerce, intimidate, threaten, or interfere with

18      any individual in the exercise or enjoyment of, or on account of his or her

19      having aided or encouraged any other individual in the exercise or

20      enjoyment of, any right granted or protected by this Act.

21        32.   Per ***Americans With Disabilities Act of 1990*** §308(a)(1) (now 42 *USC*

22  §12188), "Nothing in this section shall require a person with a disability to engage in a

23  futile gesture if such person has actual notice that a person or organization covered by

24  this title does not intend to comply with its provisions."  Pursuant to this last section,

25  Plaintiff, on information and belief, alleges that defendants have continued to violate the

26  law and deny the rights of Plaintiff and other disabled persons to access this public

27  accommodation for the purpose of shopping.  Therefore, Plaintiff seeks injunctive relief

28  pursuant to §308(a)(2),

"…Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modifications of a policy, or provision of alternative methods, to the extent required by this title."

33.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the ***Civil Rights Act of 1964*** (42 *USC* §2000a-3(a), and pursuant to federal regulations adopted to implement the ***Americans with Disabilities Act of 1990***, including, but not limited to, an order granting injunctive relief and attorneys' fees.  Such attorneys' fees, "including litigation expenses and costs," are further specifically provided for by §505 of Title III.

**II.     SECOND CAUSE OF ACTION**
BREACH OF STATUTORY PROTECTIONS FOR PERSONS WITH PHYSICAL DISABILITIES (***California Health & Safety Code*** §19955, *et seq.*)

34.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 31 of this Complaint and incorporate them herein as if separately repled.

35.     ***California Health & Safety Code*** §19955 provides in pertinent part:

The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the *Government Code*.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

36.     ***California Health & Safety Code*** §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the *Government Code*…"  ***California Health & Safety Code*** §19956 was

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    -14-

operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of "**CAROUSEL MALL**" and/or of its buildings, were constructed and/or altered after July 1, 1970, and substantial portions of said building had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said public accommodations and/or buildings to be subject to the requirements of Part 5.5, *California Health & Safety Code* §19955, *et seq*., upon such alteration, structural repairs or additions per *California Health & Safety Code* §19959.

37.    Pursuant to the authority delegated by *California Government Code* §4450, *et seq.,* the State Architect promulgated regulations for the enforcement of these provisions. Effective January 1, 1982, Title 24 of the *California Administrative Code* adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the **"CAROUSEL MALL"** occurring after that date. Construction changes occurring prior to this date but after July 1, 1970, triggered access requirements pursuant to the "ASA" requirements, the *American Standards Association Specifications*, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the *American Standards Association Specifications* and/or those contained in Title 24 of the *California Administrative Code*, (now known as Title 24, *California Code of Regulations*.)

38.    Public facilities such as "**CAROUSEL MALL**" are public accommodations or facilities within the meaning of *California Health & Safety Code* §19955, *et seq*.

39.    It is difficult or impossible for persons with physical disabilities who use wheelchairs, canes, walkers and service animals to travel about in public to use shopping centers with the defects set forth in Paragraph 4 above as required by Title 24 of the *California Code of Regulations* and the *Americans with Disabilities Act Access Guidelines (ADAAG)*. Thus, when public accommodations fail to provide accessible

public facilities, persons with physical disabilities are unable to enter and use said facilities, and are denied full and equal access to and use of that facility that is enjoyed by other members of the general public.

40.   Plaintiff, **SYLVIA SMITH**, and other similarly situated persons with disabilities whose physical conditions require the use of wheelchairs, canes, walkers and service animals are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of the ***California Health & Safety Code*** §19955, *et seq*.   Plaintiff is a member of that portion of the public whose rights are protected by the provisions of ***California Health & Safety Code*** §19955, *et seq*.

41.   The ***California Health & Safety Code*** was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the *Government Code*."   Such public accommodations are defined to include shopping centers.

42.   Plaintiff is further informed and believes that as of the date of filing this Complaint, Defendants have not made accessible the facilities at the subject shopping center as set forth in Paragraph 4 above.

43.   Plaintiff, **SYLVIA SMITH,** is informed and believes, and therefore alleges, that Defendants **PLACO SAN BERNARDINO, LLC, and DOES ONE TO TEN, inclusive**, and each of them, caused the subject buildings constituting "**CAROUSEL MALL**" to be constructed, altered and maintained in such a manner that persons with disabilities were denied full and equal access to, within and throughout said buildings and were denied full and equal use of said public facilities, and despite knowledge and actual and constructive notice to such Defendants that the configuration of the shopping center and/or buildings was in violation of the civil rights of persons with disabilities, such as Plaintiff.   Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Part 5.5, ***California Health & Safety Code*** §19955, *et seq*., and elsewhere in the laws of California.

44.    On information and belief, the subject building constituting the public facilities of "**CAROUSEL MALL**" denied full and equal access to Plaintiff and other persons with disabilities in other respects due to non-compliance with requirement of Title 24 of the *California Code of Regulations* and *California Health & Safety Code* §19955, *et seq*.

45.    The basis of Plaintiff's aforementioned information and belief is the various means upon which Defendants must have acquired such knowledge, including, but not limited to, this lawsuit, other access lawsuits, communications with operators of other shopping centers and other property owners regarding denial access, communications with Plaintiff and other persons with disabilities, communications with other patrons who regularly visit there, communications with owners of other businesses, notices and advisories they obtained from governmental agencies through the mails, at seminars, posted bulletins, television, radio, public service announcements, or upon modification, improvement, alteration or substantial repair of the subject premises and other properties owned by these Defendants, newspaper articles and trade publications regarding the *Americans with Disabilities Act of 1990*  and other access law, and other similar information.  The scope and means of the knowledge of each defendant is within each defendant's exclusive control and cannot be ascertained except through discovery.

46.    As a result of Defendants' acts and omissions in this regard, Plaintiff has been required to incur legal expenses and hire attorneys in order to enforce her civil rights and enforce provisions of the law protecting access for persons with disabilities and prohibiting discrimination against persons with disabilities, and to take such action both in her own interests and in order to enforce an important right affecting the public interest.  Plaintiff, therefore, seeks damages in this lawsuit for recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the *California Code of Civil Procedure* §1021.5.  Plaintiff additionally seeks attorneys' fees pursuant to *California Health & Safety Code* §19953 and *California Civil Code* §§54.3 and 55.

47.    Defendants, and each of them, at times prior to and including February 9,

2009, and continuing to the present time, knew that persons with disabilities were denied their rights of equal access to all portions of this public facility.  Despite such knowledge, Defendants failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiff **SYLVIA SMITH** and other similarly situated persons with disabilities, including the specific notices referred to in paragraph 43 of this Complaint. Defendants have failed and refused to take action to grant full and equal access to persons with disabilities in the respects complained of hereinabove.  Defendants and each of them have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of handicap access.

48.     As a result of the actions and failure of Defendants, and each of them, and as a result of the failure to provide proper accessible public facilities, Plaintiff, **SYLVIA SMITH**, was denied her civil rights, including her right to full and equal access to public facilities, was embarrassed and humiliated, suffered psychological and mental injuries and emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with a disability being denied access to a public accommodation.

WHEREFORE, Plaintiff prays for damages as hereinafter stated.

**III.   THIRD CAUSE OF ACTION**
       VIOLATION OF CALIFORNIA'S CIVIL RIGHTS ACTS
       (*California Civil Code* §§54, 54.1 and 54.3)

49.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 48 of this Complaint and incorporates them herein as if separately repled.

50.     The public facilities above-described constitute public facilities and public accommodations within the meaning of *California Health & Safety Code* §19955, *et seq.* and were facilities to which members of the public are invited.  The aforementioned acts

1  and omissions of defendants, and each of them, constitute a denial of equal access to and

2  use and enjoyment of these facilities by persons with disabilities, including Plaintiff,

3  **SYLVIA SMITH**.  Said acts and omissions are also in violation of provisions of Title 24

4  of the ***California Code of Regulations***.

5          51.     The rights of Plaintiff, the entitlement of Plaintiff to full and equal access

6  and the denial by defendants of such rights and entitlements are set forth in ***California***

7  ***Civil Code*** §§54, 54.1 and 54.3, to wit:

8              Individuals with disabilities shall have the same right as the…general

9          public to full and free use of the streets, highways, sidewalks, walkways,

10         public buildings, public facilities, and other public places.  ***California Civil***

11         ***Code*** §54(a).

12             Individuals with disabilities shall be entitled to full and equal access,

13         as other members of the general public, to accommodations, advantages,

14         facilities, and privileges of all common carriers, airplanes, motor vehicles,

15         railroad trains, motor buses, streetcars, boats, or any other public

16         conveyances or modes of transportation (whether private, public, franchised,

17         licensed, contracted, or otherwise provided), telephone facilities, adoption

18         agencies, private schools, hotels, lodging places, places of public

19         accommodation, amusement or resort, and other places to which the general

20         public is invited, subject only to the conditions and limitations established

21         by law, or state or federal regulation, and applicable alike to all persons.

22         ***California Civil Code*** §54.1(a).

23         52.     On or about February 9, 2009, Plaintiff, **SYLVIA SMITH**, suffered

24  violations of ***California Civil Code*** §§54 and 54.1 in that she was denied full and equal

25  enjoyment of the goods, services, facilities and privileges of said **CAROUSEL MALL**,

26  as set forth in paragraph 4 above.  Plaintiff was also denied full and equal access to other

27  particulars, including, but not limited to, those described hereinabove.  Plaintiff was also

28  denied use of facilities that she was entitled to under Title III of the ***Americans with***

1 | *Disabilities Act of 1990*.

2 |     53.    As a result of the denial of full and equal enjoyment of the goods, services,

3 | facilities and privileges of defendants' **CAROUSEL MALL** due to the acts and

4 | omissions of defendants, and each of them, in owning, operating, and maintaining this

5 | subject public facility, Plaintiff suffered violations of her civil rights, including, but not

6 | limited to, rights under *California Civil Code* §§54, 54.1, and 54.3, and has and will

7 | suffer emotional distress, mental distress, mental suffering, mental anguish, which

8 | includes shame, humiliation, embarrassment, anger, chagrin, disappointment and worry,

9 | expectedly and naturally associated with a disabled person's denial of full and equal

10 | enjoyment of goods, services, privileges, etc., all to her damages as prayed hereinafter in

11 | an amount within the jurisdiction of the court.  Defendants' actions and omissions to act

12 | constituted discrimination against Plaintiff on the sole basis that Plaintiff was disabled.

13 |     54.    Plaintiff seeks damages for the violation of her rights as a disabled person on

14 | or about February 9, 2009, according to proof, pursuant to *California Civil Code* §54.3,

15 | including a trebling of all statutory and actual damages, general and special, available

16 | pursuant to *California Civil Code* §54.3(a).

17 |     55.    As a result of defendants' acts and omissions in this regard, Plaintiff,

18 | **SYLVIA SMITH**, has been required to incur legal expenses and hire attorneys in order

19 | to enforce her rights and enforce provisions of the law protecting the full and equal

20 | enjoyment of goods, services, facilities, privileges of public facilities by the disabled, and

21 | those individuals associated with or accompanied by a person with disabilities, and

22 | prohibiting discrimination against the disabled.  Plaintiff, therefore, seeks recovery in this

23 | lawsuit for all reasonable attorneys' fees incurred pursuant to the provisions of *California

24 | Civil Code* §54.3.   Additionally, Plaintiff's lawsuit is intended not only to obtain

25 | compensation for damages to Plaintiff, but also to compel the defendants to make their

26 | goods, services, facilities and privileges available and accessible to all members of the

27 | public with disabilities, justifying public interest attorneys' fees pursuant to the

28 | provisions of *California Code of Civil Procedure* §1021.5.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF   -20-

56.   The acts and omissions of defendants in failing to provide the required accessible facilities subsequent to the enactment date and compliance date of the ***Americans with Disabilities Act of 1990***, and refusal to make remedial modifications and alterations to its accessible parking, signage, pathways, and other elements as hereinabove stated, after being notified by patrons before and after the time of Plaintiff's visit, on or about February 9, 2009, and all times prior thereto with the knowledge that persons with disabilities would enter defendants' premises, the reason given therefor, was an established policy, practice and procedure of refusing and denying entry, thereby denying services to a person with disabilities and the companions thereof, evidence malice and oppression toward Plaintiff and other disabled persons.

57.   Defendants have failed to establish a nondiscriminatory criteria, policy, practice and procedure for entry into said "**CAROUSEL MALL**" as hereinabove described.

58.   As a result of defendants' continuing failure to provide for the full and equal enjoyment of goods, services, facilities and privileges of said "**CAROUSEL MALL**" as hereinabove described, Plaintiff has continually been denied her rights to full and equal enjoyment of the subject shopping center, as it would be a "futile gesture" to attempt to patronize said "**CAROUSEL MALL**" with the discriminatory policy in place as hereinabove described.

59.   The acts and omissions of defendants as complained of herein in failing to provide the required accessible facilities subsequent to the enactment date and compliance date of the ***Americans with Disabilities Act of 1990*** and refusal to make remedial modifications and alternations to the architectural barriers as stated herein and in failing to establish practices, policies and procedures to allow safe access by persons who are disabled are continuing on a day-to-day basis to have the effect of wrongfully and willfully excluding Plaintiff and other members of the public who are disabled from full and equal enjoyment of the subject "**CAROUSEL MALL**" as hereinabove described.   Such acts and omissions are the continuing cause of humiliation and mental

and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is a disabled.  Plaintiff is unable, so long as such acts and omissions of defendants continue, to achieve full and equal enjoyment of the goods and services of said "**CAROUSEL MALL**" as described hereinabove.  The acts of defendants have legally caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this court.

60.    Wherefore, Plaintiff asks this court to preliminarily and permanently enjoin any continuing refusal by defendants to permit entry to said "**CAROUSEL MALL**" and to serve Plaintiff or others similarly situated, and to require defendants to comply forthwith with the applicable statutory requirements relating to the full and equal enjoyment of goods and services as described hereinabove for disabled persons.  Such injunctive relief is provided by *California Civil Code* §55.  Plaintiff further requests that the court award statutory costs and attorneys' fees to Plaintiff pursuant to *California Civil Code* §55 and *California Code of Civil Procedure* §1021.5, all as hereinafter prayed for.

WHEREFORE, Plaintiff prays for compensatory damages, reasonable attorneys' fees and costs of suit, as allowed by statute and according to proof.

**IV.    FOURTH CAUSE OF ACTION**
VIOLATIONS OF *UNRUH CIVIL RIGHTS ACT*
(*California Civil Code* §§51 and 51.5)

59.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 58 of this Complaint and incorporates them herein as if separately repled.

60.    Defendants' acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, **SYLVIA SMITH**, on the basis of her disabilities, have been in violation of *California Civil Code* §§51 and 51.5, the *Unruh Civil Rights Act*, and have denied to Plaintiff her rights to "full and equal accommodations,

advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

61.  **California Civil Code** §51 also provides that "[a] violation of the right of any individual under the **Americans with Disabilities Act of 1990** (Public Law 101-336) shall also constitute a violation of this section."

62.  **California Civil Code** §51.5 also provides that "[n]o business establishment of any kind whatsoever shall discriminate against, boycott, or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, disability of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers."

63.  As a result of the violation of Plaintiff's civil rights protected by **California Civil Code** §§51 and 51.5, Plaintiff is entitled to the rights and remedies of **California Civil Code** §52, including a trebling of actual damages (defined by **California Civil Code** §52(h) to mean "special and general damages"), as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

WHEREFORE, Plaintiff prays that this court award damages and provide relief as follows:

## PRAYER FOR RELIEF

Plaintiff prays that this court award damages and provide relief as follows:

1.  Grant injunctive relief requiring that defendants establish a non-discriminatory criteria policy, practice and procedure permitting entry into the **CAROUSEL MALL** in San Bernardino, California, for the purpose of obtaining the goods and services accorded therein according to **California Civil Code** §§51, 51.5, 52, 54, 54.1, 54.3, *et seq*., and Title III of the **Americans with Disabilities Act of 1990**, and grant injunctive relief requiring that Defendants repair and render safe to disabled persons, and otherwise make accessible, all public areas of the shopping center, including, but not limited to, all barriers to access set forth in Paragraph 4 of this

1    Complaint, and to make all such facilities "readily accessible to and usable by individuals

2    with disabilities," according to the standards of Title 24 of the ***California Administrative***

3    ***Code***, ***California Health & Safety Code*** §19955, *et seq*., and Title III of the ***Americans***

4    ***with Disabilities Act of 1990*** and the standards of ***ADAAG***; and prohibiting operation of

5    the **CAROUSEL MALL** located in San Bernardino, California, as a public facility until

6    Defendants provide full and equal enjoyment of goods and services as described

7    hereinabove to disabled persons, including Plaintiff;

8        2.      General damages according to proof;

9        3.      Statutory and "actual" damages, including general damages and special

10   damages, according to proof, pursuant to ***California Civil Code*** §§52, and 54.3, and that

11   these damages be <u>trebled</u>;

12        4.      Prejudgment interest on all compensatory damages;

13        5.      Remedies and Procedures available under ***Americans with Disabilities Act***

14   ***of 1990*** §§107, 203 and 308;

15        6.      Award Plaintiff all litigation expenses, all costs of this proceeding and all

16   reasonable attorneys' fees as provided by law, including, but not limited to, those

17   recoverable pursuant to the provisions of ***California Civil Code*** §§52, 54.3, and 55,

18   ***California Code of Civil Procedure*** §1021.5, and ***Americans with Disabilities Act of***

19   ***1990*** §308 of Title III; and

20        7.      Grant such other and further relief as the court may deem just and proper.

21                                 **SINGLETON LAW GROUP**

22

23   Dated:      May __, 2009          <u>/s/ Jason K. Singleton</u>

24                                      Jason K. Singleton,

25                                      Richard E. Grabowski, Attorneys for
                                     Plaintiff, **SYLVIA SMITH**

26

27   ///

28   ///

1

## **<u>REQUEST FOR JURY TRIAL</u>**

2
       Plaintiffs hereby request a jury for all claims for which a jury is permitted.

3
                                      **SINGLETON LAW GROUP**

4

5
Dated:     May  __, 2009           /s/ Jason K. Singleton

6
                                     Jason K. Singleton,
Richard E. Grabowski, Attorneys for

7
                                     Plaintiff, **SYLVIA SMITH**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF   -25-

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SYLVIA SMITH | PLACO SAN BERNARDINO, LLC, a Delaware Limited Liability Company, dba CAROUSEL MALL, and DOES ONE TO TEN |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| SINGLETON LAW GROUP   707-441-1177<br>611 L Street, Suite A<br>Eureka, CA 95501 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:**  **JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☑ MONEY DEMANDED IN COMPLAINT: $ according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC §1331, Violations of the Americans With Disabilities Act of 1990 (42 USC §12101, et seq.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

(Note: ☑ 446 American with Disabilities - Employment is marked)

**FOR OFFICE USE ONLY:**   Case Number: **EDCV09-0891**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STA    ; DISTRICT COURT, CENTRAL DISTRIC    F CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SAN BERNARDINO | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| PLACO SAN BERNARDINO, LLC - LOS ANGELES | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SAN BERNARDINO | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date 5/05/2009

Notice to Counsel/Parties:  The CV-71 (JS-44)  Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |